**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KATHARINA N. BLANCATO,

           Petitioner - Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE,

           Respondent - Appellee.

Nos. 14-70654, 14-70655

Tax Ct. No. 8754-07
Tax Ct. No. 13019-08

MEMORANDUM[*]

Appeal from Decisions of the
United States Tax Court

Submitted May 24, 2016[**]

Before:    REINHARDT, W. FLETCHER, and OWENS, Circuit Judges.

In these consolidated appeals, Katharina N. Blancato appeals pro se from the

Tax Court's orders dismissing for failure to prosecute her petitions challenging the

Commissioner of Internal Revenue's determinations of tax deficiencies for tax

years 2003 and 2004.  We have jurisdiction under 26 U.S.C. § 7482(a)(1).  We

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes these cases are suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review for an abuse of discretion. *Noli v. Comm'r*, 860 F.2d 1521, 1527 (9th Cir. 1988). We affirm.

The Tax Court did not abuse its discretion in dismissing Blancato's petitions for failure to prosecute because Blancato failed to appear at trial and was otherwise uncooperative. *See id*. at 1527 (noting that "dismissal for failure properly to prosecute will normally arise where a party fails to appear at trial"); *see also* T.C. R. 123(b) (Tax Court may dismiss a case and enter a decision against a petitioner where the petitioner fails properly to prosecute or fails to proceed as required by the Tax Court).

Contrary to Blancato's contention, the Tax Court did not err in lifting the automatic stay after the Bankruptcy Court entered an order approving a stipulated settlement that terminated the stay under 11 U.S.C. § 362(a) as to Blancato. *See id*. at 1525 (discussing an automatic stay under § 362 and explaining that "the terms of an order lifting the automatic stay are strictly construed"). We reject Blancato's contention that the Tax Court should have sought leave from the Bankruptcy Court to resume proceedings.

We treat Blancato's reply briefs as both requesting leave to file multiple briefs and to file the briefs late, and grant the requests. The Clerk shall file the reply briefs submitted on July 28, 2014 and August 14, 2014.

We reject as without merit Blancato's contention in her reply briefs that the Commissioner's answering brief should be rejected as untimely.

**AFFIRMED.**